CHILDREN
Senate Bill No. 359, Second Regular Session, Thirty-sixth Oklahoma Legislature (1978), authorizes and permits concurrent jurisdiction and allows a preliminary hearing to be held in the Criminal Division of the District Court. A juvenile may contest such hearing by filing a petition to be certified as a child, and a part of that proceeding must be set aside for that purpose. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Under the provisions of Senate Bill No. 359 enacted in 1978 by the Thirty-sixth Oklahoma Legislature, Second Regular Session, may a preliminary hearing be held in the Criminal Division of the District Court for certain persons sixteen (16) or seventeen (17) years of age charged with certain enumerated crimes? Senate Bill No. 359, enacted during the Second Regular Session, Thirty-sixth Oklahoma Legislature (1978), provides as follows: "A. Any person sixteen (16) or seventeen (17) years of age who is charged with murder, kidnapping for purposes of extortion, robbery with a dangerous weapon, rape in the second degree, use of firearm or other offensive weapon while committing a felony, arson in the first degree, burglary in the first degree, burglary with explosives, shooting with intent to kill, manslaughter, or nonconsensual sodomy, shall not be transferred to the place of detention designated by the juvenile division, but shall be placed in jail and detained and incarcerated in a room or ward entirely separate from prisoners who are eighteen (18) years of age or over. Upon the arrest and detention, such sixteen or seventeen-year-old accused shall have all the statutory and constitutional rights and protections of an adult accused of a crime. "B. Upon the filing of a petition against such person, a summons shall be issued which shall set forth the rights of the defendant, and the rights of the parents, guardian or next friend of the defendant to be present at the preliminary hearing to have an attorney present and to make application for certification of such defendant as a child to the juvenile division of the district court. The summons shall be personally served together with a certified copy of information on the defendant and on the parents, guardian or next friend of the defendant." It is clear that the above statute as it relates to certain juveniles being certified under certain conditions is doubtful and ambiguous and is open to more than one construction. However, it must be presumed that the Legislature intends the most reasonable and beneficial construction of its enactment and, when as here, the language is obscure or not explicitly expressed, a construction should be fashioned to reflect the intent of the Legislature. A close and plain reading of the above statute which amended 10 O.S. 1112 [10-1112] (1971), appears to reflect in context that a child charged with the enumerated crimes which would be a felony if committed by an adult, while losing some of the advantages of being a delinquent, would nevertheless remain under the jurisdiction of the Juvenile Division. However, when the enacting part is ambiguous in its meaning, a rule of statutory construction provides as follows: "The title of a statute cannot control or vary the meaning of the enacting part, if the latter is plain and unambiguous. But if there is doubt or obscurity in the body of the act, the title may be consulted, as a guide to the probable meaning of the legislature, and should be accorded some weight in the interpretation. Especially is this the case in those states whose constitutions require the subject of the act to be expressed in the title." Black on Interpretation of Laws, Second Edition (1911) Also see: Article V, Section57, Oklahoma Constitution, requiring every act of the Legislature to embrace but one subject clearly expressed in its title. Since then, the enacting part of Senate Bill 359 reflects an intent to set apart those sixteen (16) or seventeen (17) years of age persons committing certain enumerated crimes, and the title of the act providing and permitting concurrent jurisdiction for those persons, it appears it was the intent of the Legislature to authorize and allow a preliminary hearing in the Criminal Division of the District Court and if a petition is filed under paragraph (B), a part of the proceedings must be for purposes of determining whether the defendant should be certified to the Juvenile Division of the District Court as a child. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Senate Bill No. 359, Second Regular Session, Thirty-sixth Oklahoma Legislature (1978), authorizes and permits concurrent jurisdiction and allows a preliminary hearing to be held in the Criminal Division of the District Court. A juvenile may contest such hearing by filing a petition to be certified as a child, and a part of that proceeding must be set aside for that purpose. (NATHAN J. GIGGER) (ksg)